## DAYTON *vs.* MELICK and others.

A defendant to a bill to foreclose a purchase money mortgage, set up in his answer that the complainant falsely and fraudulently represented to him at the sale, that the contents of the property were ninety-seven and forty-two hundredths acres, whereas, there were in fact only eighty-six and eighty-hundredths acres; that the price was fixed at $130 per acre, so that the defendant was induced to agree to pay $1380.60 more for the property than he ought to have done; and further, that though the deed conveyed with full covenants, including covenant against encumbrances, there were at that time, and continue to be, two liens, under judgments, on the property.

*Held,* that the question whether the defendant was entitled to deduction for the claims, could be tried under the answer, without prejudice to any right of the complainant, and without depriving him of any privilege or advantage to which he would otherwise be entitled; 'and hence, a cross-bill was not necessary.

Bill to foreclose. On exceptions to master's report upon exceptions to the answer of Peter W. Melick.

*Mr. John T. Bird,* for Melick.

*Mr. A. A. Clark,* for complainant.

THE CHANCELLOR.

The exceptions to the master's report present the question whether the defence of fraud set up in the answer can be entertained, as there pleaded, by way of answer. The complainant's counsel insists, that to be available, it must be set up by cross-bill. The bill is filed to foreclose a mortgage given by the answering defendant, Peter W. Melick, to the complainant, for part of the purchase money of the mortgaged premises, on a sale thereof by the latter to him. The answer admits the execution and delivery of the mortgage, but claims a deduction from it, on the ground that the complainant, in the sale, falsely and fraudulently represented to Melick that the contents of the property were ninety-seven and forty-two hundredths acres, whereas, there were in fact only eighty-six and eighty-hundredths acres. It states that the price was fixed, as upon a sale by the acre, at $130 per acre, so that Melick, by means of the fraud, was induced to agree to pay $1380.60 more for the property than he ought to have done. It also claims a deduction in respect of two judgments which were liens upon the property when the sale was made, and still continue to be so. The complainant conveyed the property to Melick, by deed, with the usual full covenants, including covenant against encumbrances. I see no reason for denying the defendant the right to litigate his claim to these deductions under his answer. He insists that by reason

of the fraud practiced by the complainant, he was induced to agree to pay for more than ten acres of land which he did not receive. If this be true, there can be no question as to his right to relief. Nor can there be any question that he is entitled to be relieved in this suit. The only question is as to the manner—whether he must file a cross-bill in order to obtain the relief. The reason for requiring a cross-bill in such cases as this is, that the complainant is entitled to his answer, on oath, to the charge made against him. But, under the practice of this court since the act of March 6th, 1867, the complainant, in the cross-bill, might pray answer without oath, and so the defendant therein would be deprived of the advantage of his answer. In this case, the fraud alleged is sufficiently pleaded, and as it is matter not responsive, the defendant must prove it. He claims a deduction of a specific sum in respect of the fraud, and tenders himself ready to pay the amount which will be due on the mortgage, after making the deduction, and deducting also the amount of the judgments. The question whether he is entitled to these deductions can be tried under the answer, and without a cross-bill, without prejudice to any right of the complainant, and without depriving him of any privilege or advantage to which he would otherwise be entitled. *Cessante ratione, cessat ipsa lex.* The exceptions will be allowed, with costs.